# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF <u>GUAM</u>

UNITED STATES OF AMERICA

v.

<u>Jesse Mendiola Blas</u>

Write your full name here.

Case No. <u>1:19-cr-00036</u>
(write the number of your criminal case)

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)**
(*Pro Se* Prisoner)

---

### NOTICE

The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

Does this motion include a request that any documents attached to this motion be filed under seal? (Documents filed under seal are not available to the public.)

■ Yes

☐ No

If you answered yes, please list the documents in section IV of this form.

Page **1** of **6**

# I. SENTENCE INFORMATION

Date of sentencing: January 14, 2021

Term of imprisonment imposed: 37 Months

Approximate time served to date: 23 Months

Projected release date: May 10, 2022

Length of Term of Supervised Release: 3 Years

Have you filed an appeal in your case?

☐ Yes

■ No

Are you subject to an order of deportation or an ICE detainer?

☐ Yes

■ No

# II. EXHAUSTION OF ADMINISTRATIVE REMEDIES[1]

18 U.S.C. § 3582(c)(1)(A) allows you to file this motion (1) after you have fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on your behalf, or (2) 30 days after the warden of your facility received your request that the warden make a motion on your behalf, whichever is earlier.

Please include copies of any written correspondence to and from the Bureau of Prisons related to your motion, including your written request to the Warden and records of any denial from the Bureau of Prisons.

.

---

[1] The requirements for this compassionate release motion being filed with the court differ from the requirements that you would use to submit a compassionate release request to the Bureau of Prisons. This form should only be used for a compassionate release motion made to the court. If you are submitting a compassionate release request to the Bureau of Prisons, please review and follow the Bureau of Prisons program statement.

Have you personally submitted your request for compassionate release to the Warden of the institution where you are incarcerated?

■ Yes, I submitted a request for compassionate release to the warden on
<u>July 21, 2021</u>. * Requests for receipt of document have been ignored.

□ No, I did not submit a request for compassionate release to the warden.

If no, explain why not:

_____

Was your request denied by the Warden?

□ Yes, my request was denied by the warden on (date):_____.

■ No. I did not receive a response yet.

## III.     GROUNDS FOR RELEASE

Please use the checkboxes below to state the grounds for your request for compassionate release. Please select all grounds that apply to you. You may attach additional sheets if necessary to further describe the reasons supporting your motion. You may also attach any relevant exhibits. Exhibits may include medical records if your request is based on a medical condition, or a statement from a family member or sponsor.

### A.  Are you 70 years old or older?

□ Yes.

■ No.

If you answered no, go to Section B below. You do not need to fill out Section A.

If you answered yes, you may be eligible for release under 18 U.S.C. § 3582(c)(1)(A)(ii) if you meet two additional criteria. Please answer the following questions so the Court can determine if you are eligible for release under this section of the statute.

Have you served 30 years or more of imprisonment pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which you are imprisoned?

☐ Yes.

■ No.

Has the Director of the Bureau of Prisons determined that you are not a danger to the safety of any other person or the community?

☐ Yes.

■ No.

**B. Do you believe there are other extraordinary and compelling reasons for your release?**

■ Yes.

☐ No.

If you answered "Yes," please check all boxes that apply so the Court can determine whether you are eligible for release under 18 U.S.C. § 3582(c)(1)(A)(i).

☐ I have been diagnosed with a terminal illness.

■ I have a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition.

☐ I am 65 years old or older and I am experiencing a serious deterioration in physical or mental health because of the aging process.

☐ The caregiver of my minor child or children has died or become incapacitated and I am the only available caregiver for my child or children.

☐ My spouse or registered partner has become incapacitated and I am the only available caregiver for my spouse or registered partner.

■ There are other extraordinary and compelling reasons for my release.

Page **4** of 6

Please explain below the basis for your request. If there is additional information regarding any of these issues that you would like the Court to consider but which is confidential, you may include that information on a separate page, attach the page to this motion, and, in section IV below, request that that attachment be sealed.

I suffer from several of the comorbidities associated with increased risk factors should I contract COVID-19. According to the CDC, adults of any age with the conditions of Diabetes (type 1 or type 2) and/or Heart conditions (such as heart failure, coronary artery disease, cardiomyopathies or hypertension) can be more likely to get severely ill from COVID-19. Severe illness means that a person with COVID-19 may need hospitalization, intensive care, a ventilator, or they may die. I suffer from diabetes and heart conditions, in additonal to other health conditions. All requests for medical records to the Bureau of Prisons have been ignored as of this writing. (Please see attached document "Additional Medical Information")

In addition to medical reasons, the Bureau of Prisons has failed to get me to my "destination" as of this writing. (Please see attached document "Additional Information")

## IV. ATTACHMENTS AND REQUEST TO SEAL

Please list any documents you are attaching to this motion. A proposed release plan is included as an attachment. You are encouraged but not required to complete the proposed release plan. A cover page for the submission of medical records and additional medical information is also included as an attachment to this motion. Again, you are not required to provide medical records and additional medical information. For each document you are attaching to this motion, state whether you request that it be filed under seal because it includes confidential information.

| Document | Attached? | | Request to seal? | |
|---|---|---|---|---|
| Proposed Release Plan | ■ Yes | ☐ No | ■ Yes | ☐ No |
| Additional medical information | ■ Yes | ☐ No | ■ Yes | ☐ No |
| Additional Information | __ ■ Yes | | ■ Yes | ☐ No |
| | __ ☐ Yes | | ☐ Yes | ☐ No |

Case 1:19-cr-00036   Document 157   Filed 09/15/21   Page 5 of 24

## V. REQUEST FOR APPOINTMENT OF COUNSEL

I do not have an attorney and I request an attorney be appointed to help me.

☒ Yes

☒ No

## VI. MOVANT'S DECLARATION AND SIGNATURE

For the reasons stated in this motion, I move the court for a reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A). I declare under penalty of perjury that the facts stated in this motion are true and correct.

9/7/2021
_____
Date

_____
Signature

Jesse Mendiola Blas
_____
Name

05726-093
_____
Bureau of Prisons Register #

Victorville Medium II
_____
Bureau of Prisons Facility

P.O. Box 3850 Adelanto, CA. 92301
_____
Institution's Address

Page **6** of 6

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF <u>GUAM</u>

UNITED STATES OF AMERICA

v.

**Case No.** <u>1:19-cr-00036</u>

(write the number of your criminal case)

<u>Jesse Mendiola Blas</u>

Write your full name here.

## PROPOSED RELEASE PLAN
### In Support of Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)

---

### NOTICE

The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

If you provide information in this document that you believe should not be publicly available, you may request permission from the court to file the document under seal. If the request is granted, the document will be placed in the electronic court files but will not be available to the public.

Do you request that this document be filed under seal?

■ Yes

☐ No

# PROPOSED RELEASE PLAN

To the extent the following information is available to you, please include the information requested below. This information will assist the U.S. Probation and Pretrial Services Office to prepare for your release if your motion is granted.

## A. Housing and Employment

Provide the full address where you intend to reside if you are released from prison:

███████████████

Provide the name and phone number of the property owner or renter of the address where you will reside if you are released from prison:

Stacey Ann Coletta (Renter)
Phone: ███████████

Provide the names (if under the age of 18, please use their initials only), ages, and relationship to you of any other residents living at the above listed address:

None

If you have employment secured, provide the name and address of your employer and describe your job duties:

I have not secured employment as of this writing. I am unable to apply for work as I have no access to apply for employment. I have not met with a caseworker to describe the processes of applying for work while incarcerated.

List any additional housing or employment resources available to you:

There are no additional housing resources as of this writing. I will be actively pursuing employment upon my release. I have not been able to apply for work. I have been in administrative and medium security prisons since September 24, 2019, making it impossible to apply for employment.

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

## B. Medical needs

Will you require ongoing medical care if you are released from prison?

■ Yes

☐ No

Will you have access to health insurance if released?

■ Yes

☐ No

If yes, provide the name of your insurance company and the last four digits of the policy number. If no, how do you plan to pay for your medical care?

According to my fiancee's health care provider, we will only be able to apply for her to cover me when I am released. She is unable to apply for my health insurace while I am still incacerated. However, she has inquired and has provided HMSA with all the information to guide the process once I am released. Fiance also seeking guidance from different community oraanizations (as I have no caseworker).

If no, are you willing to apply for government medical services (Medicaid/Medicare)?

■ Yes

☐ No

Do you have copies of your medical records documenting the condition(s) for which you are seeking release?

☐ Yes

■ No

If yes, please include them with your motion. If no, where are the records located?

Federal Bureau of Prisons, Guam Department of Corrections, Guam Seventh Day Adventist Clinic
PLEASE NOTE that all requests for records from the BOP have been ignored.

Are you currently prescribed medication in the facility where you are incarcerated?

■ Yes

☐ No

If yes, list all prescribed medication, dosage, and frequency:

████████████████████████████████████████████

Do you require durable medical equipment (e.g., wheelchair, walker, oxygen, prosthetic limbs, hospital bed)?

■ Yes

☐ No

If yes, list equipment:

███████████

Do you require assistance with self-care such as bathing, walking, toileting?

☐ Yes

■ No

If yes, please list the required assistance and how it will be provided:

Do you require assisted living?

☐ Yes

■ No

If yes, please provide address of the anticipated home or facility and the source of funding to pay for it.

---

Are the people you are proposing to reside with aware of your medical needs?

■ Yes

☐ No

Do you have other community support that can assist with your medical needs?

☐ Yes

■ No

Provide their names, ages, and relationship to you. If the person is under the age of 18, please use their initials only:

---

Will you have transportation to and from your medical appointments?

■ Yes

☐ No

Describe method of transportation:

2012 Toyota Highlander (Personal Vehicle of Stacey A. Coletta), ██████ Registered in state of Hawaii

---

# ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

## SIGNATURE

I declare under penalty of perjury that the facts stated in this attachment are true and correct.

9/7/2021

**Date**

**Signature**

Jesse Mendiola Blas

**Name**

05726-093

**Bureau of Prisons Register #**

Victorville Medium II

**Bureau of Prisons Facility**

P.O. Box 3850 Adelanto, CA. 92301

**Institution's Address**

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF <u>GUAM</u>

UNITED STATES OF AMERICA

v.

Case No. <u>1:19-cr-00036</u>
(write the number of your criminal
case)

<u>Jesse Mendiola Blas</u>
Write your full name here.

## MEDICAL RECORDS AND ADDITIONAL MEDICAL INFORMATION
### In Support of Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)

| NOTICE |
|---|
| The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |

If you attach documents to this form that you believe should not be publicly available, you may request permission from the court to file those documents under seal. If the request is granted, the documents will be placed in the electronic court files but will not be available to the public.

Do you request that the attachments to this document be filed under seal?

■ Yes

☐ No

## MEDICAL RECORDS AND ADDITIONAL MEDICAL INFORMATION

To the extent you have medical records or additional medical information that support your motion for compassionate release, please attach those records or that information to this document. *All requests for medical records have been ignored / not responded to.*

### SIGNATURE

I declare under penalty of perjury that the facts stated in this attachment are true and correct.

9/7/2021
_____
Date

_____
Signature

Jesse Mendiola Blas
_____
Name

05726-093
_____
Bureau of Prisons Register #

Victorville Medium II
_____
Bureau of Prisons Facility

P.O. Box 3850 Adelanto, CA. 92301
_____
Institution's Address

Additional Medical Information:



—but I would like to respectfully note to the court that I had to constantly reach out to ask why I was not provided any follow up appointments after this major health event. It was only after constant inquiry that I was able to see a doctor. I was informed that I would have a follow up appointment at the hospital where I was admitted, but that has not occurred as of this writing (09/07/2021).

██████████████████████████████████████████ I was shocked to hear of this decision, especially because I was not informed. ████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████ Unfortunately, I am forced to figure this out on my own. ████

████ I have not had any response as of this writing (09/07/2021).

████████████████████████████████████████████
████ As of this writing (09/07/2021), this has not occurred.

Numerous requests for medical information and records via email and "cop-outs" have been ignored. ████████████████████████████████████████. As of September 7, 2021, she still has not received it. I placed an inquiry as to the whereabouts of my outgoing mail to the BOP. That inquiry has also been ignored.

I have been actively researching the First Step Act and the Cares Act and its impacts on inmates. I am interested in all the different programs and considerations during this time of medical need in our world. I am aware of the review of all inmates in BOP custody for home confinement during the pandemic. ████████████████████████
████████████████████████████████████████████ All research indicates that inmates or families are discouraged from submitting requests for consideration as the Bureau will be assessing each inmate. However, this is not the case for me. I have not been assessed. ████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████ I was hopeful that the CARES Act legislation would help me as I meet the criteria. However, I have not been considered at all due to my transit status.

Because the CARES Act was enabling legislation as a result of the COVID-19 pandemic, I would like to inform the Court of the following based on my research of the CARES ACT:

1) Institutional discipline history for the last twelve months – I have been a model prisoner in the Guam Department of Corrections since my incarceration and continue to be a model prisoner at the BOP. I have been in BOP custody for the 144 days; however, I was

sentenced 237 days ago. In total, I have been incarcerated for 714 days as of this writing. I continue and will continue to follow all rules and procedures governing my incarceration.

2) I have a verifiable release plan – I will stay with my fiancé, Stacey Coletta, when I am released from prison. We no longer live on Guam (we did at the beginning of my court proceedings, but we have since moved to Lihue, Hawaii on the island of Kauai). I do not know other factors that are considered for verifiable release plans, but we have discussed employment, health insurance, etc. I have a high school diploma and a driver's license. Ms. Coletta has been actively researching various employment opportunities that I can avail of when I am released. She will support me financially until I can obtain employment and has reached out to her health insurance provider to ensure that she can add me to her policy upon my release. She has confirmed that a release from prison is a "life-changing" event and she would be able to enroll me during a non-open enrollment period.

3) My primary or prior offense history does not include violence, a sex offense, or is not terrorism related.

4) I do not have a current detainer.

5) The security level of the facility currently housing the inmate, with priority given to inmates residing in Low and Minimum-Security facilities – I have been notified that I am designated to a minimum-security camp. However, I have been in transit for 237 days and I have never been in a minimum-security camp. I have been in medium and administrative facilities. ████████████████████████████████████████████████████
████ I am designated as a "minimum-security" inmate, but I am instead treated as a medium inmate, with a majority of my time being spent locked in a cell with two to three times "out"—this equates to two to three hours a day.

6) The inmate's score under PATTERN, with inmates who have anything above a minimum score not receiving priority treatment – I have been notified that my scores are extremely low. However, I have not been informed about specifically what these numbers are. I have also been notified that I have a "racketeering" charge used in assessing my scores and although I have been trying to clear this up, there are no firm structures in place to help a prisoner rectify records issues. I have been attempting to resolve it, though.

7) The age and vulnerability of the inmate to COVID-19, in accordance with the CDC guidelines – ███████████████████████████████████████████
███████████████████████████████████ Their website states the following:

"Adults of any age with the following conditions can be more likely to get severely ill from COVID-19. Severe illness means that a person with COVID-19 may need:
- Hospitalization
- Intensive care
- A ventilator to help them breathe
- Or they may even die

In addition:

- Older adults are more likely to get severely ill from COVID-19. More than 80% of COVID-19 deaths occur in people over age 65, and more than 95% of COVID-19 deaths occur in people older than 45.
- Long-standing systemic health and social inequities have put various groups of people at increased risk of getting sick and dying from COVID-19, including many racial and ethnic minority groups and people with disabilities.
  - Studies have shown people from racial and ethnic minority groups are also dying from COVID-19 at younger ages. People in minority groups are often younger when they develop chronic medical conditions and may be more likely to have more than one condition.

Medical Conditions in Adults

CDC completed an evidence review process for each medical condition on this list to ensure they met criteria for inclusion on this webpage.

We are learning more about COVID-19 every day, and this list may be updated as the science evolves.

Diabetes (type 1 or type 2)

Having either type 1 or type 2 diabetes can make you more likely to get severely ill from COVID-19.

Heart conditions (such as heart failure, coronary artery disease, cardiomyopathies or hypertension)

Having heart conditions such as heart failure, coronary artery disease, cardiomyopathies, and possibly high blood pressure (hypertension) can make you more likely to get severely ill from COVID-19."

Centers for Disease Control and Prevention. (2021, May 13). COVID 19. *People with Certain Medical Conditions*. Retrieved from https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.



. I am fifty-nine (59) years of age.

I have served seventy-three (74) percent of my sentence to date (as of this writing (09/07/2021) with the indicated 05/10/2022 release date used to determine this percentage).

I have approximately eight (8) months and three (3) days remaining on my sentence (with the indicated 05/10/2022 release date used to determine this raw number).

Additional Information:

I realize that I will have to wait for placement at my destination. However, as it stands, I do not know where or when that is. I have been in transit for 237 days with placement in Victorville (a "holdover" facility) for the past 91 days. I assume I will be in transit for a few more months. Additionally, I have about 8 months and 3 days remaining on my sentence and my jurisdiction of the sentencing court, and my new place of residence are different. It is my understanding that there is an additional process required because of this change in jurisdiction. I was sentenced in Guam and have served 714 days of my sentence as of this writing (09/07/21). During this time, my fiancé moved to the state of Hawaii, and although we have been inquiring about the change in jurisdiction (the time and the processes involved), we have received unclear bits of information from Guam and Hawaii Probation Offices, as well as the Bureau of Prisons.

I was incarcerated by the Guam Department of Corrections from September 24, 2019 to April 16, 2021. I was transferred on April 16 to the Bureau of Prisons. Currently, the BOP website has my release date as May 10, 2022. This information I have received from my family members—I have received minimal status information about my BOP incarceration from BOP personnel since my arrival. I do not have a caseworker and I have been told by BOP personnel that this process cannot be resolved until I am at my "final destination."

I would like to inform the court that I was sentenced 237 days ago, and I have not been placed in my designation of a minimum-security camp, as indicated.

I was sentenced on January 14 and did not start the transit process from Guam for 92 days. I was moved by the US Marshals on April 16, 2021 to Honolulu Detention Center, a BOP Administrative Facility. I was moved again on June 8, 2021 to FCI Victorville Medium II, a Medium Security Federal Correctional Institution.

Although I am "designated" to a minimum-security federal camp, I have been placed at a Medium II Security Facility where I am placed on lockdown and in a cell for an average of 20 to 22 hours a day--a far cry from the "minimum security" designation placed upon me. I have been in this facility for 91 days as of this writing.

With the new Delta variant of the Coronavirus, the fact that I am being held in a "transit" facility is even more unsafe than normal prison conditions. I am subjected to the mass numbers of prisoners being moved in and out of this facility, while I have stayed stagnant. In the past 91 days, I have seen hundreds of prisoners come and go, thus increasing my risk. I have had seven different cell mates in the time that I have been here, all of them arrived and moved within a couple of weeks. This is indicative that something was not right with my transit.

Countless requests for assistance have been ignored, resulting in my fiancé reaching out to the Western Regional Office of the Bureau of Prisons, where we learned that I might have been lost in transit. An email had to be sent to the US Marshals. I am still awaiting action as a result of this email notification that my movement was stalled and possibly overlooked.

I do not have a caseworker with 8 months remaining in my sentence and no information has been provided to me about the First Step Act, the CARES Act, or any possible halfway house or home confinement placement under Title 18. The BOP Website states that, "Although it is the Bureau's philosophy that release preparation begins the first day of incarceration, focus on release preparation intensifies at least *18 months prior to release*." With 8 months left to serve in my sentence, none of this is true for me.

Bureau of Prisons. (n.d.). Custody and Care. *Re-Entry Programs.* Retrieved from
https://www.bop.gov/inmates/custody_and_care/reentry.jsp

For the First Step Act, *Section 602 of the First Step Act modified 18 U.S.C. § 3621 (c)(1), authorizes the Bureau to maximize the amount of time spent on home confinement when possible. The provision now states, "Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph."* Absent a caseworker, I have not been able to avail of any of the provisions for the First Step Act. This may possibly put my release 10 percent earlier, but without proper placement at my "designated" facility, this cannot be addressed for me.

US. Department of Justice. Federal Bureau of Prisons. (April 14, 2019). Home Confinement Under the First Step Act. Retrieved from https://www.bop.gov/policy/om/001-2019.pdf

For the CARES Act, the BOP Website states, "Given the surge in positive cases at select sites and in response to the Attorney General Barr's directives, the BOP began immediately reviewing all inmates who have COVID-19 risk factors, as described by the CDC, to determine which inmates are suitable for home confinement. Since the release of the Attorney General's original memo to the Bureau of Prisons on March 26, 2020 instructing us to prioritize home confinement as an appropriate response to the COVID-19 pandemic, the BOP has significantly increased its placement of offenders on home confinement." Again, absent proper placement, none of this is true for me, even though I meet all the criteria.

Bureau of Prisons. (n.d.). Frequently Asked Questions regarding potential inmate home confinement in response to the COVID-19 pandemic. Retrieved from https://www.bop.gov/coronavirus/faq.jsp#hc_eligibility

In addition, no information has been provided to me regarding the process to be released and serve my probation in Hawaii, stating that only an assigned caseworker at my "designated facility" can provide this. Given that this process will take time and approval, I have been seeking guidance to determine if I must return to Guam at the end of my sentence—this will impact my family and decisions have to be made. I do not have a release residence on Guam. Without a caseworker, the probation offices for both Guam and Hawaii have not been able to provide any definitive responses, only that the "BOP Caseworker" is the one and only responsible person for this function.

I would like to inform the Court that the inability of the Bureau of Prisons to place me in my designated facility has prevented me from receiving services and clarity that should have been provided months ago. Additionally, the fact that I am on lock down and confined to a cell for 20 hours a day when I am a designated minimum-security inmate who is supposed to be in a camp, is information that the Court needs to be aware of. The service of my time in prison has been an extreme hardship because of errors within the system. These collectively are all factors that could not have been foreseen at the time of sentencing.

To: Deputy Clerk
of the COURT

Filing under seal...

RECEIVED

SEP 15 2021

DISTRICT COURT OF GUAM
HAGÅTÑA, GUAM

Stace
3921 Hunakai Street
Lihue, HI.
96766



**RECEIVED**

SEP 15 2021

DISTRICT COURT OF GUAM
HAGÅTÑA, GUAM

**Screened**
United States Marshals Service
District of Guam
Date _____ SEP 15 REC'D

DISTRICT COURT of GUAM
520 W. Soledad Ave. FL 4
Hagatña, GUAM
96910